UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEN TRAN, INC.,

    Plaintiff,

v.                                    Case No: 8:08-cv-14-T-23MAP

CAL-SUNGOLD, INC.,

    Defendant.
_____/

**ORDER**

The defendant, Cal-Sungold, Inc., ("Cal-Sungold") moves (Doc. 13) to dismiss this action for lack of personal jurisdiction and alternatively moves (Doc. 13) to transfer venue. The plaintiff, Len Tran, Inc., doing business as Turner Tree and Landscape ("Turner Tree"), responds (Doc. 16) in opposition.

Motion to Dismiss

To establish personal jurisdiction over a nonresident defendant, a plaintiff must satisfy both the state's long-arm statute and the constitutional due process requirement. See Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990). The applicable long-arm statute is section 48.193, Florida Statutes. Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 855 (11th Cir. 1990). If the long-arm statute provides a basis for personal jurisdiction, due process requires consideration of (1) the defendant's purposeful contact with the forum state and (2) fair play and substantial justice. Madara, 916 F.2d at 1514 (citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

The plaintiff must first establish a prima facie case of personal jurisdiction. Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir. 2006). If "the defendant submits affidavits contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." Stubbs, 447 F.3d at 1360.

The complaint alleges that Cal-Sungold, a California corporation, entered into an oral contract to sell more than one hundred palm trees to CJ Growers, also a California corporation. (Doc. 2, ¶ 8) CJ Growers paid Cal-Sungold in California. (Doc. 2 at 8) Cal-Sungold allegedly breached the contract by failing to deliver "commercially reasonable" trees to a third party, Turner Tree, in Bradenton, Florida. (Doc. 2, ¶ 3) After Turner Tree obtained a judgment (Doc. 1, Ex. 2) against its vendor, CJ Growers, in the state court, CJ Growers assigned its right in the contract to Turner Tree. (Doc. 2, ¶ 5, Ex. A) Cal-Sungold allegedly purposely availed itself of the privilege of conducting business in Florida by (1) maintaining a satellite office in Florida, (2) conducting business in Florida, and (3) contracting with CJ Growers to deliver trees to Florida. (Doc. 2, ¶ 3)

Because the complaint establishes a prima facie case of personal jurisdiction, the burden shifts to Cal-Sungold. (Doc. 1, Ex. 4; Doc. 13, Ex. 1) Cal-Sungold submits the affidavit of Efren Castro, who serves as president, chief executive officer, and a director of both Cal-Sungold and Sungold Trees, Inc.,

2

("Sungold"). (Doc. 13, Ex. 1, ¶¶ 2, 4) Castro states that Cal-Sungold does not maintain an office in Florida and has not registered with the Florida Secretary of State to conduct business in Florida. (Doc. 1, Ex. 4, ¶¶ 3-4; Doc. 13, Ex. 1, ¶¶ 3, 7) Sungold maintains its principal place of business in Boynton Beach, Florida. (Doc. 13, Ex. 1, ¶ 4) Although Cal-Sungold communicates and cooperates with Sungold, the two corporations are separate. (Doc. 13, Ex. 1, ¶ 7)

Castro further states that Cal-Sungold and CJ Growers negotiated and entered into a contract in Riverside County, California, and CJ Growers tagged trees in Cal-Sungold's groves in Riverside County. (Doc. 13, Ex. 1, ¶ 9) After CJ Growers procured a flatbed truck, the trees were loaded in Riverside County. (Doc. 13, Ex. 1, ¶ 9) CJ Growers was required to inspect the trees after loading, but did not notify Cal-Sungold of any defect. (Doc. 13, Ex. 1, ¶ 7) A May 24, 2006, invoice, confirming the contract, states "Buyer to arrange freight" and "Seller to pull, load, spray and phyto." (Doc. 13, Ex. 1, ¶ 5)

Turner Tree submits the affidavit of John Lindsay, president of CJ Growers. Lindsay states that when he contacted Cal-Sungold to purchase trees for a Florida project, "Cal-Sungold referred me to their Florida office," because "their Florida office may have the same but cheaper medjool trees." (Doc. 5, Ex. 1, ¶ 3) CJ Growers ultimately decided to buy the trees from the California office. (Doc. 5, Ex. 1, ¶ 3) On May 18, 2006, when Lindsay met with a Cal-Sungold salesman to tag the trees, Lindsay told the salesman the trees were destined for Florida. (Doc. 5, Ex. 1, ¶ 4) Cal-Sungold scheduled an inspection to

3

confirm compliance with Florida's agricultural regulation.  (Doc. 5, Ex. 1, ¶ 4)  On September 22, 2006, after the trees arrived in Bradenton, Joe Vickers, Turner Tree's farm manager, contacted Lindsay to reject the trees.  (Doc. 5, Ex. 1, ¶ 5)  After Lindsay notified Cal-Sungold of the rejection, Cal-Sungold referred him to the Florida office.  (Doc. 5, Ex. 1, ¶ 5)

Turner Tree submits the affidavit of Vickers, who states that he rejected the trees because they were "dead, dying, and inferior in height, size, and circumference."  (Doc. 5, Ex. 2, ¶ 3)  After the rejection, the truck driver asked Vickers for directions to Boynton Beach, the location of Sungold's office.  (Doc. 5, Ex. 2, ¶ 5)

Finally, Turner Tree submits a copy of a Sungold advertising brochure, which lists the company's website address as www.calsungold.com and lists both a California and Florida mailing address.  (Doc. 5, Ex. C)  Turner Tree also submits a copy of a Cal-Sungold website page, which states that Cal-Sungold has been supplying trees to Florida since 1992.  (Doc. 5, Ex. C)

Operating or conducting a business or business venture in Florida subjects a corporation to jurisdiction under the Florida long-arm statute.  Fla. Stat. § 48.193(1)(a).  CJ Growers, a California corporation, contacted Cal-Sungold to inquire about purchasing palm trees.  Cal-Sungold did not solicit business from Cal-Sungold or Turner Tree.  Cal-Sungold's knowledge of the trees' Florida destination carries little weight because CJ Growers arranged the shipment.  Notwithstanding, Cal-Sungold operated or conducted a business or

business venture in Florida by holding out Sungold as its Florida office.  Cal-Sungold referred Lindsay to its Florida office on at least two occasions.  Moreover, Cal-Sungold allowed Sungold to use Cal-Sungold's website and apparently, its California mailing address.  Whether Turner Tree's claims "arise" from Cal-Sungold's operation of a business venture in Florida is less clear.  CJ Growers purchased trees from Cal-Sungold, not Sungold.  The claims relate to Cal-Sungold's conduct, not that of the "Florida office."

Breaching a contract in Florida by failing to perform an act required to be performed in Florida subjects a corporation to jurisdiction under the Florida long-arm statute.  Fla. Stat. § 48.193(1)(g).  Cal-Sungold allegedly breached a contract in Florida by failing to deliver commercially reasonable trees to a third party in Florida.  However, because a California corporation purchased the trees and was required to arrange the shipment, Cal-Sungold may not have failed to perform an act in Florida.

Regardless of whether the previous subsections apply, a corporation is subject to jurisdiction under the long-arm statute if the corporation engages in substantial and not isolated activity in Florida.  Fla. Stat. § 48.193(2).  In addition to purportedly maintaining a Florida office and allowing a Florida corporation to use its website, Cal-Sungold has engaged in substantial and not isolated activity in Florida by supplying trees to the state since 1992.  Section 48.193(2) includes no requirement that Turner's Tree's claims "arise" from Cal-Sungold's substantial activity in Florida.

Because Cal-Sungold is subject to jurisdiction under at least one subsection of the Florida long-arm statute, due process requires consideration of whether Cal-Sungold has minimum contacts with Florida. Cal-Sungold has minimum contacts in Florida because it has long supplied trees to Florida and has purported to maintain a Florida office. See Madara, 916 F.2d at 1516. Through its conduct, Cal-Sungold has purposefully availed itself of the privilege of conducting business in Florida. Because general jurisdiction applies, Turner Tree's claims need not relate to Cal-Sungold's activity in Florida. Subjecting Cal-Sungold to jurisdiction in Florida comports with fair play and substantial fairness. See Madara, 916 F.2d at 1517. Cal-Sungold's motion (Doc. 13) to dismiss this action for lack of personal jurisdiction is **DENIED**.

### Motion to Transfer

Cal-Sungold alternatively moves (Doc. 13) to transfer this case to the Eastern District of California case pursuant to 28 U.S.C. § 1404(a). Section 1404(a) grants broad discretion to transfer based on the plaintiff's choice of forum, convenience of the witnesses and parties, location of the sources of proof, locus of operative facts, trial efficiency, and justice. See Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005); Weber v. Coney, 642 F.2d 91, 93 (5th Cir. 1981). The deference given to a plaintiff's choice of forum diminishes if the plaintiff arrives in the district court by virtue of removal. Deist v. Washington Univ. Med. Ctr., 385 F. Supp. 2d 772, 774 (S.D. Ill. 2005).

"The interests of justice are best served by having a case decided by the federal court in the state whose laws govern the interests at stake." Kafack v. Primerica Life Ins. Co., 934 F. Supp. 3, 8 (D.D.C. 1996). In a diversity case, the law of the forum state applies with respect to a conflict of law question. Automated Med. Labs., Inc. v. Armour Pharm. Co., 629 F.2d 1118, 1122 n.3 (11th Cir. 1980) (citing Klaxon Co. v. Stentor Co., 313 U.S. 487, 61 S. Ct. 1020, (1941)). Under Florida law, the law of the state where the contract is formed or performed governs the nature, validity, and interpretation of a contract, while the law of the state where the suit is brought governs the remedy. Wingold v. Horowitz, 292 So. 2d 585, 586 n.3 (Fla. 1974).

The fact of assignment also warrants consideration under section 1404(a). "Elementary contract law provides that upon a valid and unqualified assignment the assignee stands in the shoes of the assignor and assumes the same rights, title and interest possessed by the assignor." Plumb v. Fluid Pump Serv., Inc., 124 F.3d 849, 864 (7th Cir. 1997) (internal quotation marks omitted).

In sum, Cal-Sungold and CJ Growers, two California corporations entered into the contract in California. Vickers met with a Cal-Sungold salesman in Riverside County and tagged the trees at Cal-Sungold's groves in Riverside County. Cal-Sungold pulled and sprayed the trees and delivered them to CJ Growers in Riverside County. CJ Growers procured the flatbed truck in California, and the trees were loaded in Riverside County. CJ Growers paid Cal-Sungold in California. After delivery to Bradenton, Turner Tree, a Florida

corporation, rejected the trees.  CJ Growers assigned its contract to Turner Tree.

Trial efficiency and justice commend transfer because the dispute arose between two California corporations, most of the operative facts occurred in California, most of the witnesses and evidence reside in California, and California law governs interpretation of the contract.  Turner Tree's choice of forum carries little weight because Turner Tree did not choose to litigate in this court.  Turner Tree stands in the shoes of CJ Growers, the assignor.  Had CJ Growers sued Cal-Sungold, CJ Growers would undoubtedly have sued in California (or the action would have been promptly transferred there).

The Eastern District of California is a more suitable venue to adjudicate this dispute.  The motion (Doc. 13) to transfer pursuant to section 1404(a) is **GRANTED** and the Clerk shall (1) transfer this case to the Eastern District of California and (2) close the case.[1]

ORDERED in Tampa, Florida, on May 9, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1]  Cal-Sungold's motion to transfer under 28 U.S.C. §§ 1404(a) and 1631 is **DENIED AS MOOT**.